His Honor, EMILE GODCHAUX,
rendered the opinion and decree of the Court, as follows:
Defendant seeks to annul and to enjoin the execution of a judgment pro confesso secured by plaintiff against him upon an instrument under private signature wherein he acknowledged and confessed judgment for an indebtedness in plaintiff’s favor. Defendant’s action to annul was dismissed and he appeals.
The appellant, citing Article 91 of the Constitution of 1898, claims that the debt had not matured at the time he executed the acknowledgment and confession of judg-' ment, and that consequently ho valid judgment pro confesso could be founded thereon. But since it clearly appears from the record that the debt acknowledged was merely the assumption by . appellant of the past due indebtedness of one Coman to appellee, the contention may be passed without further 'comment.
The plea of want of consideration is likewise without merit,' since the discharge of Coman from liability constitutes a sufficient consideration for the assumption of his debt by appellant.
*278 Appellant furthermore contends that the debt acknowledged by him has been novated; and he founds this contention upon a notation, placed upon the acknowledgment subsequent to its execution, to the effect that it shall be payable in certain credits accruing to one Pour-cine.
The evidence, however, shows that it was never contemplated that this should constitute the exclusive method by which the debt'was to be satisfied and that in fact it was from time to time partially liquidated through funds arising, from other sources. There was no intention of releasing appellant from liability, the sole agreement being that he should receive the benefit of the credits earned by Poureine in connection with the business in which Poureine was appellant’s successor.
Appellant further contends that he cannot be held upon his assumption of the debt of Coman, because said debt, consisting in part at least, of money loaned by the Jackson Brewing Company, a brewery, to Coman, who operated a barroom for the purpose of paying the latter’s license to conduct said 'business and of discharging the rent of the premises wherein it was established, was founded upon an illegal transaction,, violative of the prohibitions of Section 11 of Act 176 of 1908, which makes it unlawful for any brewery “to obtain a license for the business of conducting a barroom, *. * # or to be interested financially in any concern so engaged or * * * in any lease of premises used for any such business. * * * ”
Upon this question we .are clear that a brewery does not, within the meaning of the statute, obtain a. license for conducting a saloon, nor become financially interested in a concern so engaged or in a lease of premises used for that purpose,-by the fact that it loans to one who conducts a barroom the funds required by him to obtain his *279 license ox to pay the rent of the premises wherein his business is established.
Opinion and decree, March 27th, 1916
Rehearing refused, April 24th, 1916.
Writ denied, July 3rd, 1916.
Appellant likewise submits that in reality he never was indebted to the appellee at all; that his pretended assumption and acknowledgment was never intended by the parties to be real or effective; but that, on the contrary, the entire transaction.with regard to said debt as well as with respect to the ostensible purchase and conduct of the barroom in his name and in the name of-others after him, was a mere pretense and a fictitious method adopted by the Jackson Brewing Company of circumventing the prohibitions of the statute cited, by operating the barroom in the name of persons interposed, when in truth it was owned and conducted by said company itself in direct violation of the statute.
There is no proof to sustain the facts upon which this contention is predicated. On the contrary, instead of containing the convincing evidence required to establish that appellant’s written acknowledgment of debt evidenced no obligation on his part but constituted merely a device for evading a prohibitory law, the record almost demonstrates that the entire transaction was real and lawful, thus supporting rather than tending to overcome the presumption to that effect that in any event exists. And on this score it is sufficient to state that appellant’s contention is supported by his testimony alone, while his own acts and the testimony and acts of his as well as of appellee’s witnesses are destructive to his claim.
There is no error in the judgment and it is accordingly affirmed.
Judgment affirmed.